Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNIVERSITY SPINE CENTER, *a/o/a*
*Asmma A.*,

   *Plaintiff*,

v.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

   *Defendant.*

Civil Action No. 17-8036 (JMV) (CLW)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

  This case involves a reimbursement dispute between a surgical practice and the healthcare insurance administrator. Plaintiff University Spine Center ("University Spine" or "Plaintiff"), as an assignee of a patient who received surgical treatment at Plaintiff's facility, brings suit against Defendant CIGNA Health and Life Insurance Company ("CIGNA" or "Defendant"). Plaintiff claims that Defendant failed to reimburse the full amount of the medical services provided to the patient. Currently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 7. The Court reviewed the submissions in support and in opposition,[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b)

---

[1] Plaintiff's Complaint will be referred to hereinafter as "Compl." (D.E. 1); Defendant's brief in support of his motion to dismiss will be referred to hereinafter as "Def. Br." (D.E. 7); Plaintiff's brief in opposition will be referred to hereinafter as "Opp. Br." (D.E. 11). Defendant's brief in reply will be referred to hereinafter as "Def. Reply." (D.E. 14). The parties subsequently submitted additional information, including notices of supplemental authorities. D.E. 15, 16, 19.

and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion to dismiss is **GRANTED in part** and **DENIED in part**.

## I. FACTUAL BACKGROUND[2]

Plaintiff University Spine is a healthcare provider in New Jersey. Compl. at ¶ 1. On October 10, 2011, Asmma A. ("A.A.") underwent L3 and L4 laminectomies and a resection of an intradural extramedullary lesion at Plaintiff's facility. *Id.* at ¶¶ 4-5; Ex. A. A.A. also signed an assignment of benefits ("AOB") form. *Id.* at ¶ 6. The AOB form provides, in relevant part:

> I, the undersigned, certify that I (or my dependent/s) have insurance coverage with _____ and assign directly to University Spine Center, Arash Emani MD, Ki Soo Hwang MD, Kumar Sinha MD, Michelle Brenner NP all insurance benefits, if any, otherwise payable to me for the services rendered. I understand that I am financially responsible for all charges, whether or not paid by insurance. I hereby authorize the doctor to release all information necessary to secure the payment of benefits. I authorize the use of this signature on all insurance submissions.
>
> **Responsible Party Signature**: A.A.
> **Relationship**: _____
> **Date**: _____

Compl., Ex. B.

Defendant is the claims administrator for A.A.'s health care plan. *Id.* at ¶ 12. Pursuant to the AOB, Plaintiff prepared Health Insurance Claim Forms ("HICFs") demanding reimbursement in the amount of $112,730.00 from Defendant for medically necessary and reasonable services rendered to A.A. *Id.* at ¶ 7. Defendant paid a total of $2,339.48. *Id.* at ¶ 8. Plaintiff then engaged

---

[2] The factual background is taken from Plaintiff's Complaint, D.E. 1. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

in the "applicable administrative appeals process maintained by Defendant." *Id.* at ¶ 9. Plaintiff also requested "among other things, a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor." *Id.* at ¶ 10. Defendant failed to provide Plaintiff additional payment or the requested documents. *Id.* at ¶ 11. Plaintiff now sues for $110,390.52, the amount it claims Defendant underpaid. *Id.* at ¶ 13.

## II. PROCEDURAL HISTORY

On August 30, 2017, Plaintiff filed a Complaint in the Superior Court of New Jersey. D.E. 1. On October 9, 2017, Defendant filed a notice of removal. D.E. 1. The case was assigned to this Court on October 10, 2017. Defendant then filed the current motion. D.E. 7. Plaintiff submitted opposition, D.E. 11, to which Defendant replied, D.E. 14. Defendant submitted two notices of supplemental authority, D.E. 15, 16, to which Plaintiff replied, D.E. 19.

Plaintiff's Complaint brings three counts: breach of contract (Count One), failure to make all payments pursuant to a member's plan under 29 U.S.C. § 1132(a)(1)(B) (codified as § 502(a)(1)(B)) (Count Two), and breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) (codified as § 502(a)(3)), 1104(a)(1) (codified as § 404(a)(1)), and § 1105(a) (codified as § 405(a)) (Count Three).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a

plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

## IV. ANALYSIS

### A. Breach of Contract (Count One)

In its opposition, Plaintiff agreed to voluntarily dismiss Count One because "Defendant has conceded that the Plan is indeed governed by ERISA." Pl. Opp. at 3. Accordingly, Count One is dismissed with prejudice.

### B. Failure to Pay Benefits (Count Two)

Count Two is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Specifically, Count Two relies on ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B) ("Section 502(a)(1)(B)"), alleging that Defendant failed to make payments in accordance with A.A.'s plan. Compl. at ¶¶ 21-29. Defendant argues that Count Two should be dismissed because Plaintiff fails to plausibly state a claim for relief. In sum, Defendant asserts that the "Complaint does not identify the specific plan or policy which is 'controlling,'" "does not say what specific term or any such (unidentified) plan was violated," and

"does not even propose a rate of payment other than what Plaintiff demanded, let alone locate that rate within the terms of the plan." Def. Br. at 13. Accordingly, Defendant argues that the "Complaint repeatedly asserts [Defendant] has underpaid Plaintiff; however, these 'sheer conclusions' lack any plausible factual predicate sufficient to state a claim under ERISA." Def. Br. at 14.

Plaintiff responds that it requested copies of the Plan and SPD, but that Defendant provided neither document. Opp. Br. at 5. Plaintiff contends that "[i]t would be perverse for Defendant to be permitted to successfully argue that the very documents Plaintiff attempted to obtain from them, but which they did not provide, now need to be cited back to them chapter and verse so that they might be deemed to have been given 'fair notice' of what Plaintiff was alleging that they did wrong and which, subsequently, gave rise to the filing of the Complaint." *Id.* In reply, Defendant notes that ERISA requires plan administrators to supply plan documents on request, but Defendant is not the plan administrator. Def. Reply at 3. Instead, Defendant is the claims administrator. *Id.*

In *Broad Street Surgical Center, LLC v. Unitedhealth Group, Inc.*, Civ. No. 11-2775, 2012 WL 762498, *14 (D.N.J. Mar. 6, 2012), Chief Judge Simandle ruled that a proposed amended complaint did not plausibly set forth a cause of action under Section 502(a). Chief Judge Simandle reasoned that the proposed pleading failed to indicate whether the medical service, a pain injection, at issue was a covered service under the relevant plan. *Id.* Recently, Judge Wolfson reached a similar result in *Atlantic Plastic and Hand Surgery, PA v. Anthem Blue Cross and Health Ins. Co.*, Civ. No. 17-4600, 2018 WL 1420496, *10-12 (D.N.J. Mar. 22, 2018). In granting a motion to dismiss, Judge Wolfson determined that the complaint failed to plausibly state a claim for denial of benefits pursuant to Section 502(a). *Id.* at 10. Judge Wolfson explained that the plaintiff's allegation that the defendants failed to pay the plaintiff's usual and customary amount failed to

indicate that the defendants were required to do so under the applicable plan. *Id.* Judge Wolfson also noted that several courts have dismissed similar ERISA counts when the complaint failed to identify the plan provision that had allegedly been violated. *Id.* at 11 (citing *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13–552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), *aff'd*, 650 Fed. Appx. 106 (3d Cir. 2016); *McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 09–571, 2009 WL 3242136, at *3 (D.N.J. Oct. 7, 2009); *Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund*, 697 Fed. Appx. 39, 41 (2d Cir. 2017)). On the other hand, at least one court in this District has permitted a complaint to go forward even though it failed to cite the plan provision that was allegedly violated. *See University Spine Ctr. V. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-8711, 2018 WL 678446, *2 (D.N.J. Feb. 2, 2018).

The Court agrees with the reasoning of *Broad Street* and *Atlantic Plastic*. Count Two is not plausibly pled because it fails to allege that any provision of A.A.'s plan was violated. The Court is sympathetic to Plaintiff's argument that it requested a copy of A.A.'s plan from Defendant, but Defendant refused to provide it. While Defendant may be within its right as claims administrator (as opposed to the plan administrator) to deny Plaintiff's request, such action seems unnecessarily wasteful of Plaintiff and the Court's time. Nevertheless, Chief Judge Simandle confronted the same issue in *Broad Street* and noted that ERISA requires the plan administrator to provide a copy of the "latest updated, summary plan description" to any participant or beneficiary on written request and that the participant or beneficiary has statutory authority to enforce the production. 2012 WL 762498 at *15 (citing 29 U.S.C. §§ 1024(b)(4), 1132(c)). Plaintiff has not demonstrated why it cannot get a copy from the plan from the plan administrator.

Therefore, Plaintiff's motion to dismiss Count Two is granted.

### C. Breach of Fiduciary Duties (Count Three)

Count Three is also brought pursuant to ERISA, alleging a breach of Defendant's fiduciary duties pursuant to 29 U.S.C. § 1132(a)(3) ("Section 502(a)(3)"), § 1104(a)(1) ("Section 404(a)(1)"), and § 1105(a) ("Section 405(a)"). Compl. at ¶¶ 30-38. Defendant argues that Plaintiff does not have standing to bring these claims, and, in the alternative, that Count Three seeks relief that is duplicative of the relief sought in Count Two.

### i. Standing[3]

Defendant argues that Count Three should be dismissed because Plaintiff does not have standing to bring a claim for breaches of fiduciary duties under Section 502(a)(3)), Section 404(a)(1), and Section 405(a). ERISA Section 502(a) allows claims to be brought by a "participant or beneficiary." 29 U.S.C. § 1132(a). Plaintiff concedes that it is neither a participant nor a beneficiary. Opp. Br. at 5. Rather, Plaintiff contends that it brings its claims based on derivative standing through the AOB signed by A.A.

In *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015), the Third Circuit held "that as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)" because "[a]n assignment of the right to payment logically entails the right to sue for non-payment." *Id*. at 372; *see also CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014) ("We adopt the majority position that health care providers may obtain standing to

---

[3] Rule 12(b)(1) is usually the appropriate standard of review for motions to dismiss for lack of standing. However, in *N. Jersey Brain & Spine Ctr. v. Aetna, Inc.*, 801 F.3d 369 (3d Cir. 2015), the Third Circuit held that a plaintiff's claim of derivative standing is reviewable under Rule 12(b)(6) because it "involves a merits-based determination." *Id*. at 371 n.3; *see also Masri v. Horizon Healthcare Servs., Inc.*, No. 16-6961, 2017 WL 4122434, at *1 (D.N.J. Sept. 18, 2017) ("A party's derivative status to pursue a claim under ERISA has been deemed a merits-based issue, suitable for consideration on a Rule 12(b)(6) motion." (*citing N. Jersey Brain & Spine Ctr.*, 801 F.3d at 371 n.3)). Accordingly, the Court reviews Defendant's motion under Rule 12(b)(6).

7

sue by assignment from a plan participant."). In order to determine the scope of claims that have been assigned, courts look to the language of the assignment. *Masri v. Horizon Healthcare Servs., Inc.*, No. 16-6961, 2017 WL 4122434, at *4 (D.N.J. Sept. 18, 2017) (citation omitted).

Here, A.A. assigned "directly to University Spine Center. . . all insurance benefits, if any, otherwise payable to me for the services rendered." Compl. at Ex. B. It is clear that this language provides an assignment of claims to recover payments. But Plaintiff claims that this language further confers on it the right to bring claims based on a breach of Defendant's fiduciary duties. At the pleading stage, the Court is unable to determine whether such fiduciary duty claims are assigned by the AOB language. Accordingly, the Court declines to dismiss Count Three based on lack of standing before the parties engage in factual discovery. *See Univ. Spine Ctr.*, 2018 WL 678446, at *2 (finding that while identical AOB language "does not specify the precise benefits assigned, it is sufficient to grant Plaintiff standing to assert claims under ERISA 502(a) at this stage in the proceedings"); *Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield*, No. 15-8590, 2016 WL 4499551, at *8 (D.N.J. Aug. 25, 2016) (observing that "[f]ollowing *CardioNet* and [*N. Jersey Brain & Spine Ctr.*], district courts to consider similarly broad assignments have allowed a variety of ERISA claims, not just claims to recover payments, to proceed at least past the pleadings phase"); *Zapiach v. Horizon Blue Cross Blue Shield of New Jersey*, No. 15-5333, 2016 WL 796891, at *4 (D.N.J. Feb. 29, 2016) (finding that whether an assignment confers standing to pursue claims for relief beyond benefits "cannot, however, be settled on a motion to dismiss, but must await factual development"); *but see Bloomfield Surgical Ctr. v. Cigna Health & Life Ins. Co.*, No. 16-8645, 2017 WL 2304642, at *2 (D.N.J. May 25, 2017) (dismissing claims, including breach of fiduciary duty claims, because such claims "do not fall within the narrow scope of the

assigned rights set forth in the AOB"). After discovery, the parties may address this issue again on summary judgment.

### ii. Duplicative Claims

Alternatively, Defendant argues that Plaintiff cannot bring simultaneous claims for relief in Count Two pursuant to Section 502(a)(1) and in Count Three pursuant to Section 502(a)(3)), Section 404(a)(1), and Section 405(a) because the relief requested would be duplicative. At this point, the Court finds that it is too early in these proceedings to decide whether Plaintiff is contractually entitled to benefits under the Plan. The Court has dismissed Count Two and does not know if Plaintiff will file an amended complaint reasserting Count Two. In any event, if Plaintiff is not entitled to benefits under A.A.'s plan, Plaintiff might still be entitled to other appropriate equitable relief to remedy any breaches of fiduciary duty by Defendants. *Univ. Spine Ctr.*, 2018 WL 678446, at *2 (citing *Tannenbaum v. UNUM Life Ins. Co. of Am.*, No. 03–1410, 2004 WL 1084658, at *4 (E.D. Pa. Feb. 27, 2004)).[4]

Courts in this District have repeatedly declined to dismiss fiduciary duty claims as duplicative of Section 502(a)(1)(B) claims at the motion to dismiss stage. *See, e.g.*, *Martin v. Prudential Ins. Co. of Am.*, No. 12-6208, 2013 WL 3354431, at *9 n.5 (D.N.J. July 2, 2013) ("*Varity* does not mandate dismissal of [a fiduciary duty] claim at the motion-to-dismiss stage simply because Plaintiff also brought a Section 502(a)(1)(B) claim."); *Segura v. Dr. Reddy's Labs., Inc.*, No. 11-6188, 2012 WL 6772060, at *8 (D.N.J. Dec. 21, 2012) ("At this early stage in the litigation, however, a complaint pleading both wrongful denial of benefits and breach of fiduciary duty is not duplicative, nor does it require that the Court strike one claim to uphold the other.").

---

[4] Plaintiff here requests relief including "such other and further relief as the Court may deem just and equitable." Compl. at ¶ 38.

9

Accordingly, the Court declines to dismiss Count Three because it is too soon to determine if Count Three is impermissibly duplicative of Count Two (assuming that Count Two is re-pled in an amended complaint). *See Masri*, 2017 WL 4122434, at *5; *Univ. Spine Ctr. v. Aetna Inc.*, No. 17-8160, 2018 WL 1409796, at *7 (D.N.J. Mar. 20, 2018). If necessary, the parties may address this issue on summary judgment "after factual discovery regarding available relief is concluded." *Univ. Spine Ctr.*, 2018 WL 678446, at *2.[5]

For these reasons, Defendant's motion to dismiss Count Three is denied.

### V. CONCLUSION

Defendant's motion to dismiss (D.E. 7) is **GRANTED** in part and **DENIED** in part. Defendant's motion to dismiss Count Three is **DENIED**. Defendant's motion to dismiss Count One and Count Two is **GRANTED**. Count One is dismissed with prejudice. Count Two is dismissed without prejudice. Plaintiff has sixty (60) days to file an Amended Complaint, if Plaintiff so chooses, consistent with this Opinion. If Plaintiff fails to file an Amended Complaint, the dismissal of Count Two will also be with prejudice. An appropriate Order accompanies this opinion.

Dated: August 8, 2018

John Michael Vazquez, U.S.D.J.

---

[5] The Court notes that, as recently pointed out by another court in this District, "at the appropriate stage of the litigation . . . the Court will not permit a breach of fiduciary duty claim to duplicate the relief theories of a benefits claim." *Shah v. Blue Cross Blue Shield of Texas*, No. 16-8803, 2018 WL 1293164, at *5 (D.N.J. Mar. 13, 2018) (quotations and brackets omitted).